UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEBORAH A. M., | ) |
| Plaintiff, | ) No. 19 C 2380 |
| v. | ) Magistrate Judge M. David Weisman |
| ANDREW SAUL, Commissioner of Social Security, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Deborah A. M. brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration's ("SSA's") decision denying her application for benefits. For the reasons set forth below, the Court reverses the SSA's decision.

**Background**

Plaintiff applied for benefits on March 5, 2015, alleging a disability onset date of December 28, 2014. (R. 151.) Her application was denied initially and on reconsideration. (R. 160, 176.) Plaintiff requested a hearing, which was held by an administrative law judge ("ALJ") on October 4, 2017. (*See* R. 113-50.) In a decision dated January 30, 2018, an ALJ found that plaintiff was not disabled. (R. 95-107.) The Appeals Council denied plaintiff's request for review (R 1-3), making the ALJ's decision the final decision of the SSA, reviewable by this Court pursuant to 42 U.S.C. § 405(g).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The SSA must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform his past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date. (R. 97.) At step two, the ALJ determined that plaintiff has the severe impairments of degenerative joint disease of both knees, status post right total arthroscopy and left quadriceps tendon repair, degenerative joint disease of both ankles and feet, sciatic nerve irritation, reflex sympathetic dystrophy or complex regional pain syndrome, a history of lumbar fusion, and

obesity. (R. 98.) At step three, the ALJ found that plaintiff's impairments do not meet or medically equal the severity of a listed impairment. (R. 99.) At step four, the ALJ found that plaintiff had the RFC to perform her past relevant work as an administrative clerk and a dispatcher, and thus is not disabled. (R. 100-01, 106-07.)

Plaintiff contends that the ALJ erred in weighing the medical opinion evidence of her treating orthopedist, Dr. Troy. An ALJ must give a treating physician's opinion controlling weight if "it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(c)(2); *Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011). "If an ALJ does not give a treating physician's opinion controlling weight, the regulations require the ALJ to consider the length, nature, and extent of the treatment relationship, frequency of examination, the physician's specialty, the types of tests performed, and the consistency and supportability of the physician's opinion." *Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009); *see* 20 C.F.R. § 404.1527(c).

Among other things, Dr. Troy said that plaintiff: (1) can only sit for thirty minutes and stand for ten minutes at a time; (2) can sit and stand/walk for less than two hours of an eight-hour workday; (3) needs a ten-to-fifteen-minute break from work every hour; and (4) would likely miss work more than four days each month because of her impairments. (R. 814-15.) The ALJ gave "little weight" to these opinions because they were "not consistent with the objective medical evidence showing that the claimant had nerve regeneration in her right lower extremity and has generally displayed a normal gait as well as normal strength, sensation and reflexes in the lower extremities following her neurological recovery." (R. 105-06.)

First, because the ALJ "supported" this assertion with a blanket citation to virtually the entire record (*see id.*), it is not clear which evidence on which she relied. The ALJ's failure to

3

identify specifically any supporting evidence necessarily means the requisite logical bridge between the evidence and her assessment of Dr. Troy's opinion is lacking. *See Koppers v. Colvin*, No. 15 C 5471, 2016 WL 3136916, at *4 (N.D. Ill. June 6, 2016) ("[T]he ALJ failed to cite any specific medical evidence in the record to support her conclusion that the treating physician's assessment was inconsistent with the record. While an ALJ need not discuss every piece of evidence in the record, she must build a logical bridge between the evidence and her conclusion.").

Second, the evidence with respect to nerve regeneration does not support the ALJ's rejection of Dr. Troy's opinion. An October 14, 2015 exam note states: "There is evidence of nerve regeneration in the form of collateral sprouting in the muscles between the knee and the ankle. . . . The long-term prognosis will rely on axonal [nerve cell] regeneration, which is likely to take at least 1.5-2 years to reach distal structures." (R. 807.) In other words, as of October 2015, plaintiff's nerve regeneration was far from complete and its ultimate impact on her condition was unknown, neither of which is a basis for rejecting Dr. Troy's opinion.

Third, the ALJ's assertion about, for example, plaintiff's gait can only be supported by cherry picking bits of evidence from a record that otherwise refutes it. (*See, e.g.*, R. 464 (5/20/15 exam note stating that plaintiff walks with a cane and has "pain going into the posterior thigh to the lateral and anterior lateral aspect of the leg and going diffusely to the foot, affecting all nerves around the foot region"); R. 483 (1/17/15 exam note stating that plaintiff "is ambulating with the use of a cane secondary to symptomology to the right lower extremity"); R. 532 (3/17/15 physical therapy ("PT") note stating that plaintiff "was in so much pain yesterday she could not walk"); R. 539 (2/20/15 PT note stating that plaintiff "has difficulty tolerating . . . weight bearing positioning"); R. 548 (1/17/15 PT note stating that plaintiff has "difficulty walking right"); R. 556 (12/12/14 PT note stating that plaintiff "can barely put weight" on her foot); R. 570 (11/15/14 PT

note stating that plaintiff "[p]resents today with her walker" and "reports right ankle continues to cause her pain with ambulation"); R. 805 (10/14/15 consultative exam report stating that plaintiff has "normal" gait but it is "slow[] [and] cautious[]" and she cannot walk on heels or toes, has difficulty getting on and off the exam table, and uses a cane and brace); R. 908-09 (12/21/16 exam note stating both that plaintiff has "[n]ormal" gait and "abnormalities of gait and mobility"); R. 955 (7/20/17 exam note stating that plaintiff has "abnormalities of gait and mobility"); R. 956 (2/9/16 exam not stating that plaintiff walks with "an antalgic gait"); R. 958 (4/4/16 exam note stating same); R. 972 (7/1/16 exam note stating same); R. 974-75 (9/6/16 exam note stating that plaintiff has "abnormalities of gait and mobility"); R. 991-92 (1/20/17 exam note stating both that plaintiff has "[n]ormal" gait and "abnormalities of gait and mobility"); R. 998 (4/25/17 exam note stating that plaintiff has "abnormalities of gait and mobility"); R. 1175-76 (3/7/17 exam note stating that plaintiff has antalgic gait).

Finally, the ALJ rejected Dr. Troy's opinion without considering the regulatory factors, a reversible error in itself. *Scrogham v. Colvin*, 765 F.3d 685, 697 (7th Cir. 2014) ("Even when an ALJ decides not to give controlling weight to a treating physician's opinion, the ALJ is not permitted simply to discard it. Rather, the ALJ is required by regulation to consider certain factors in order to decide how much weight to give the opinion . . . .").

In short, the ALJ's rejection of Dr. Troy's opinion is not supported by substantial evidence. Because the outcome of this case may have been different if the ALJ had credited it, this case must be remanded for reconsideration of Dr. Troy's opinion.[1]

---

[1] Plaintiff also challenges the ALJ's RFC determination and subjective symptom evaluation. Because these issues are intertwined with the medical evidence, they will have to be revisited on remand as well.

**Conclusion**

For the reasons set forth above, the Court denies the SSA's motion for summary judgment [21], reverses the SSA's decision, and remands this case for further proceedings consistent with this Memorandum Opinion and Order pursuant to the fourth sentence of 42 U.S.C. § 405(g). This case is terminated.

**SO ORDERED.**                   **ENTERED:  December 18, 2019**


**M. David Weisman**
**United States Magistrate Judge**